## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

**Pragmatus VOD LLC**

    **Plaintiffs,**

    **v.**

**Bright House Networks, LLC,**
**Advance Communication Corp. d/b/a**
**Advance/Newhouse Communications,**
**Cablevision Systems Corporation,**
**CSC Holdings, LLC,**
**Charter Communications, Inc.,**
**Charter Communications Holding**
**Company, LLC,**
**Charter Communications Operating,**
**LLC,**
**Comcast Corporation,**
**Comcast Cable Communications, LLC,**
**National Digital Television Center, LLC**
**d/b/a Comcast Media Center,**
**Cox Communications, Inc.,**
**Coxcom, Inc.,**
**Time Warner Cable Inc.,**
**Time Warner Cable LLC,**
**Time Warner NY Cable LLC,**
    **and**
**Time Warner Entertainment Company,**
    **L.P.**

    **Defendants.**

**Civil Action No. _____**

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Pragmatus VOD LLC ("Pragmatus"), for its Complaint against Defendants

Bright House Networks, LLC, Advance Communication Corp. d/b/a Advance/Newhouse

Communications, Cablevision Systems Corporation, CSC Holdings, LLC, Charter

Communications, Inc., Charter Communications Holding Company, LLC, Charter

1

Communications Operating, LLC, Comcast Corporation, Comcast Cable Communications, LLC, National Digital Television Center, LLC d/b/a Comcast Media Center, Cox Communications, Inc., Coxcom, Inc., Time Warner Cable Inc., Time Warner Cable LLC, Time Warner NY Cable LLC, and Time Warner Entertainment Company, L.P., hereby alleges as follows:

## PARTIES

1.     Pragmatus is a Delaware limited liability company with its principal place of business at 601 North King Street, Alexandria, Virginia 22314.

2.     Defendant Bright House Networks, LLC is a Delaware limited liability company and Defendant Advance Communication Corp. d/b/a Advance/Newhouse Communications is a Delaware corporation (collectively "Bright House").  Bright House has a principal place of business at Advance/Newhouse Communications, 5000 Campuswood Drive, East Syracuse, NY 13057.  Defendant Bright House Networks, LLC may be served with process by serving its registered agent, Corporation Service Company, 2711 Centerville Road Suite 400, Wilmington, Delaware 19808.  Defendant Advance Communication Corp. d/b/a Advance/Newhouse Communications may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3.     Bright House offers cable and media services to customers including its On Demand services that enable its customers to receive video-on-demand.

4.     Defendant Cablevision Systems Corporation is a Delaware corporation and Defendant CSC Holdings, LLC is a Delaware limited liability company (collectively "Cablevision").  Cablevision has a principal place of business at 1111 Stewart Avenue, Bethpage, NY 11714.  Cablevision may be served with process by serving its registered agent, Corporation Service Company, 2711 Centerville Road Suite 400, Wilmington, Delaware 19808.

2

5.     Cablevision offers cable and media services to customers including its iO-branded digital video On Demand services that enable its customers to receive video-on-demand.

6.     Defendant Charter Communications, Inc. is a Delaware corporation, and Defendants Charter Communications Holding Company, LLC and Charter Communications Operating, LLC are Delaware limited liability companies (collectively "Charter"). Charter has a principal place of business at 12405 Powerscourt Drive, St. Louis, MO 63131. Charter may be served with process by serving its registered agent, Corporation Service Company, 2711 Centerville Road Suite 400, Wilmington, Delaware 19808.

7.     Charter offers cable and media services to customers including its OnDemand and Subscription OnDemand services that enable its customers to receive video-on-demand.

8.     Defendant Comcast Corporation is a Pennsylvania corporation. Defendant National Digital Television Center, LLC d/b/a Comcast Media Center is a Colorado limited liability company, and wholly owned subsidiary of Comcast Corporation. Defendant Comcast Cable Communications, LLC is a Delaware limited liability company, and wholly owned subsidiary of Comcast Corporation. Defendants Comcast Corporation, Comcast Cable Communications, LLC, and National Digital Television Center, LLC d/b/a Comcast Media Center (collectively "Comcast") have a principal place of business at One Comcast Center, 1701 JFK Blvd., Philadelphia, PA 19103.

9.     Comcast offers cable and media services including its On Demand services that enable its customers to receive video-on-demand.

10.     Defendants Cox Communications, Inc. and CoxCom, Inc., (collectively "Cox") are Delaware corporations having a principal place of business at 1400 Lake Hearn Drive, Atlanta GA 30319. Cox may be served with process by serving its registered agent, Corporation Service Company, 2711 Centerville Road Suite 400, Wilmington, Delaware 19808.

11.     Defendant Time Warner Cable Inc. is a Delaware corporation, Defendants Time Warner Cable LLC, Time Warner NY Cable LLC are Delaware limited liability companies, and Defendant Time Warner Entertainment Company, L.P. is a Delaware limited partnership

3

(collectively "TWC"). Time Warner Cable Inc. is the direct or indirect parent of each of Time
Warner Cable LLC, Time Warner NY Cable LLC, and Time Warner Entertainment Company,
L.P. TWC has a principal place of business at 60 Columbus Circle, New York, New York
10023. TWC may be served with process by serving its registered agent, The Corporation Trust
Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

12.    TWC offers a cable and media services including its On-Demand services that
enable its customers to receive video-on-demand.

## NATURE OF THE ACTION

13.    This is a civil action for the infringement of United States Patent No. 5,581,479
("the '479 Patent") and United States Patent No. 5,636,139 ("the '139 Patent") (collectively, "the
Patents-in-Suit") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

## JURISDICTION AND VENUE

14.    This Court has jurisdiction over the subject matter of this action pursuant to 28
U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States,
including 35 U.S.C. § 271 *et seq.*

15.    This Court has personal jurisdiction over Bright House, Cablevision, Charter,
Cox, TWC, and Comcast Cable Communications, LLC, because they are incorporated in
Delaware, and have purposely availed themselves of the privileges and benefits of the laws of the
State of Delaware.

16.    This Court has personal jurisdiction over Comcast because, among other things,
Comcast has committed, aided, abetted, contributed to and/or participated in the commission of
acts giving rise to this action within this judicial district and has established minimum contacts
within the forum such that the exercise of jurisdiction over Comcast would not offend traditional
notions of fair play and substantial justice. Comcast designed, made or had made on its behalf,
and placed infringing products and/or services into the stream of commerce with the reasonable

expectation and/or knowledge that actual or potential ultimate purchasers and users for such

products and/or services were located within this judicial district. Comcast sold, advertised,

solicited customers, marketed and distributed its infringing products and/or services in this

judicial district.

17.    Venue is proper in this judicial district as to Defendants pursuant to 28 U.S.C. §§

1391 and 1400(b).

## THE PATENTS-IN-SUIT

18.    Paragraphs 1-17 are reincorporated by reference as if fully set forth herein.

19.    On December 3, 1996, the '479 Patent, titled "Information Service Control Point,

Which Uses Different Types of Storage Devices, Which Retrieves Information as Blocks of

Data, and Which Uses a Trunk Processor For Transmitting Information" was duly and lawfully

issued by the United States Patent and Trademark Office. The '479 Patent is attached hereto as

Exhibit A.

20.    Pragmatus is the assignee of the '479 Patent and holds the right to sue for and

recover all damages for infringement thereof, including past infringement.

21.    On June 3, 1997, the '139 Patent, titled "Information Service Control Point Which

Retrieves Information as Blocks of Data" was duly and lawfully issued by the United States

Patent and Trademark Office. The '139 Patent is attached hereto as Exhibit B.

22.    Pragmatus is the assignee of the '139 Patent and holds the right to sue for and

recover all damages for infringement thereof, including past infringement.

## COUNT I

### (Infringement of United States Patent No. 5,581,479)

23.    Paragraphs 1-22 are incorporated by reference as if fully restated herein.

24.    Bright House, either alone or in conjunction with others, has infringed literally

and/or under the doctrine of equivalents one or more claims of the '479 patent by having made,

made on its behalf, designed, offered for sale, sold, provided, used, maintained and supported its video-on-demand services in the United States. Bright House's infringement is continuing. See, e.g., http://brighthouse.com/corporate/shop/tv/on-demand.

25.     Cablevision, either alone or in conjunction with others, has infringed literally and/or under the doctrine of equivalents one or more claims of the '479 patent by having made, made on its behalf, designed, offered for sale, sold, provided, used, maintained and supported its video-on-demand services in the United States. Cablevision's infringement is continuing. See, e.g., http://www.optimum.com/io/on_demand/index.jsp.

26.     Charter, either alone or in conjunction with others, has infringed literally and/or under the doctrine of equivalents one or more claims of the '479 patent by having made, made on its behalf, designed, offered for sale, sold, provided, used, maintained and supported its video-on-demand services in the United States. Charter's infringement is continuing. See, e.g., http://www.charter.com/tv/ondemand/overview.

27.     Comcast, either alone or in conjunction with others, has infringed literally and/or under the doctrine of equivalents one or more claims of the '479 patent by having made, made on its behalf, designed, offered for sale, sold, provided, used, maintained and supported its video-on-demand services in this District and in the United States. Comcast's infringement is continuing. See, e.g., http://www.comcast.com/corporate/shop/products/local/Delaware/DE/Wilmington.html.

28.     Cox, either alone or in conjunction with others, has infringed literally and/or under the doctrine of equivalents one or more claims of the '479 patent by having made, made on its behalf, designed, offered for sale, sold, provided, used, maintained and supported its video-on-demand services in the United States. Cox's infringement is continuing. See, e.g., http://ww2.cox.com/residential/northernvirginia/tv/ondemand.cox.

29.     TWC, either alone or in conjunction with others, has infringed literally and/or under the doctrine of equivalents one or more claims of the '479 patent by having made, made on its behalf, designed, offered for sale, sold, provided, used, maintained and supported its video-

on-demand services in the United States.  TWC's infringement is continuing.  See, e.g.,

http://www.timewarnercable.com/East/learn/cable/ondemand/

30.     Each of the Defendants has committed acts of infringement which have caused

damage to Pragmatus.  Under 35 U.S.C. § 284, Pragmatus is entitled to recover from each of the

Defendants the damages sustained by Pragmatus as a result of their past infringement of the '479

Patent.

## COUNT II

### (Infringement of United States Patent No. 5,636,139)

31.     Paragraphs 1-30 are incorporated by reference as if fully restated herein.

32.     Bright House, either alone or in conjunction with others, has infringed literally

and/or under the doctrine of equivalents one or more claims of the '139 patent by having made,

made on its behalf, designed, offered for sale, sold, provided, used, maintained and supported its

video-on-demand services in the United States.  Bright House's infringement is continuing.  See,

e.g., http://brighthouse.com/corporate/shop/tv/on-demand.

33.     Cablevision, either alone or in conjunction with others, has infringed literally

and/or under the doctrine of equivalents one or more claims of the '139 patent by having made,

made on its behalf, designed, offered for sale, sold, provided, used, maintained and supported its

video-on-demand services in the United States.  Cablevision's infringement is continuing.  See,

e.g., http://www.optimum.com/io/on_demand/index.jsp.

34.     Charter, either alone or in conjunction with others, has infringed literally and/or

under the doctrine of equivalents one or more claims of the '139 patent by having made, made on

its behalf, designed, offered for sale, sold, provided, used, maintained and supported its video-

on-demand services in the United States.  Charter's infringement is continuing.  See, e.g.,

http://www.charter.com/tv/ondemand/overview.

35.     Comcast, either alone or in conjunction with others, has infringed literally and/or

under the doctrine of equivalents one or more claims of the '139 patent by having made, made on

its behalf, designed, offered for sale, sold, provided, used, maintained and supported its video-on-demand services in this District and in the United States.  Comcast's infringement is continuing. See, e.g.,

http://www.comcast.com/corporate/shop/products/local/Delaware/DE/Wilmington.html.

36.     Cox, either alone or in conjunction with others, has infringed literally and/or under the doctrine of equivalents one or more claims of the '139 patent by having made, made on its behalf, designed, offered for sale, sold, provided, used, maintained and supported its video-on-demand services in the United States.  Cox's infringement is continuing. See, e.g.,

http://ww2.cox.com/residential/northernvirginia/tv/ondemand.cox.

37.     TWC, either alone or in conjunction with others, has infringed literally and/or under the doctrine of equivalents one or more claims of the '139 patent by having made, made on its behalf, designed, offered for sale, sold, provided, used, maintained and supported its video-on-demand services in the United States.  TWC's infringement is continuing.  See, e.g.,

http://www.timewarnercable.com/East/learn/cable/ondemand/

38.     Each of the Defendants has committed acts of infringement which have caused damage to Pragmatus.  Under 35 U.S.C. § 284, Pragmatus is entitled to recover from each of the Defendants the damages sustained by Pragmatus as a result of their past infringement of the '139 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Pragmatus respectfully requests that this Court enter judgment against Defendants Bright House Networks, LLC, Advance Communication Corp. d/b/a Advance/Newhouse Communications, Cablevision Systems Corporation, CSC Holdings, LLC, Charter Communications, Inc., Charter Communications Holding Company, LLC, Charter Communications Operating, LLC, Comcast Corporation, Comcast Cable Communications, LLC, National Digital Television Center, LLC d/b/a Comcast Media

Center, Cox Communications, Inc., Coxcom, Inc., Time Warner Cable Inc., Time Warner Cable LLC, Time Warner NY Cable LLC, and Time Warner Entertainment Company, L.P., as follows:

a)      for judgment that Defendants have infringed the '479 Patent and the '139 Patent;

b)      for damages to be paid by Defendants adequate to compensate Pragmatus for their past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs and disbursements as justified under 35 U.S.C. § 284;

c)      for such further relief at law or in equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pragmatus hereby demands trial by jury on all claims and issues so triable.

DATED:   January 20, 2011

Respectfully submitted,

Farnan LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

*Counsel for Plaintiff*
*Pragmatus VOD LLC*

John M. Desmarais
Alan S. Kellman
Tamir Packin
DESMARAIS LLP

9

230 Park Avenue
New York, NY 10169
(212) 351-3400
(212) 351-3401
jdesmarais@desmaraisllp.com
akellman@desmaraisllp.com
tpackin@desmaraisllp.com

*Of Counsel*