## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PRAGMATUS VOD LLC,     )

                       Plaintiff,    )

                         v.    )

BRIGHT HOUSE NETWORKS, LLC; )
ADVANCE COMMUNICATION CORP. )
d/b/a ADVANCE/NEWHOUSE )
COMMUNICATIONS; CABLEVISION )
SYSTEMS CORPORATION; CSC )
HOLDINGS, LLC; CHARTER )
COMMUNICATIONS, INC.; CHARTER )
COMMUNICATIONS HOLDING )
COMPANY, LLC; CHARTER )
COMMUNICATIONS OPERATING, LLC; )
COMCAST CORPORATION; COMCAST )
CABLE COMMUNICATIONS, LLC; )
NATIONAL DIGITAL TELEVISION )
CENTER, LLC d/b/a COMCAST MEDIA )
CENTER; COX COMMUNICATIONS, INC.; )
COXCOM, INC.; TIME WARNER CABLE )
INC.; TIME WARNER CABLE LLC; TIME )
WARNER NY CABLE LLC; and TIME )
WARNER ENTERTAINMENT COMPANY, )
L.P., )
                            )

                  Defendants.   )

Civil Action No. 11-070 (PD)

**JURY TRIAL REQUESTED**

## ANSWER AND COUNTERCLAIMS OF TWC

Time Warner Cable Inc., Time Warner Cable LLC, Time Warner NY Cable LLC

and Time Warner Entertainment Company, L.P. (collectively "TWC" or "TWC defendants"), by

their undersigned counsel, respond to the allegations asserted in the Amended Complaint filed by

Pragmatus VOD LLC ("Pragmatus") on January 25, 2011 (the "Amended Complaint") as follows,

denying those allegations and averments except those that are expressly admitted herein:

## PARTIES

1.  TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 1 of the Amended Complaint, and on that basis denies those allegations.

2.  TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 2 of the Amended Complaint, and on that basis denies those allegations.

3.  TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 3 of the Amended Complaint, and on that basis denies those allegations.

4.  TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 4 of the Amended Complaint, and on that basis denies those allegations.

5.  TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 5 of the Amended Complaint, and on that basis denies those allegations.

6.  TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 6 of the Amended Complaint, and on that basis denies those allegations.

7.  TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 7 of the Amended Complaint, and on that basis denies those allegations.

8.   TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 8 of the Amended Complaint, and on that basis denies those allegations.

9.   TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 9 of the Amended Complaint, and on that basis denies those allegations.

10.   TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 10 of the Amended Complaint, and on that basis denies those allegations.

11.   Admitted.

12.   The allegation that TWC offers "a cable and media services" is vague and ambiguous, and on that basis TWC denies that allegation.  TWC admits that one or more of the TWC defendants, and/or one or more of their subsidiaries, affiliates, partners or other related parties, offers services referred to as "On Demand" or "video-on-demand."  Except as expressly so admitted, TWC denies the remaining allegations of paragraph 12 of the Amended Complaint.

## NATURE OF THE ACTION

13.   TWC admits that the Amended Complaint purports to bring a civil action for the alleged infringement of United States Patent Nos. 5,581,479 ("the '479 Patent") and 5,636,139 ("the '139 Patent") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.  TWC defendants deny that they infringe those patents, and further deny that Plaintiff is entitled to any relief whatsoever against them.

## JURISDICTION AND VENUE

14. Paragraph 14 of the Amended Complaint sets forth legal conclusions for which no response is required. To the extent paragraph 14 contains factual allegations to which a response is required, those allegations are denied.

15. The allegations in paragraph 15 of the Amended Complaint, as they relate to TWC, are inconsistent with the allegations of paragraph 11 of the Amended Complaint. For example, paragraph 11 of the Amended Complaint states that Time Warner Entertainment Company, L.P. is a Delaware limited partnership, but paragraph 15 of the Amended Complaint states that TWC is "incorporated" in Delaware. To the extent the allegations of paragraph 15 of the Amended Complaint are inconsistent with the allegations of paragraph 11 of the Amended Complaint, TWC denies the allegations of paragraph 15. TWC defendants admit that they are subject to personal jurisdiction in this district. No response is required or provided to the factual allegations of paragraph 15 of the Amended Complaint that do not relate to TWC or to the legal conclusions set forth in that paragraph.

16. No response is required to the allegations of paragraph 16 of the Amended Complaint because those allegations do not relate to TWC. To the extent a response is required, however, TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 16 of the Amended Complaint, and on that basis denies those allegations.

17. Paragraph 17 of the Amended Complaint sets forth legal conclusions for which no response is required. In addition, no response is required to the allegations of paragraph 17 of the Amended Complaint that do not relate to TWC. To the extent paragraph 17 contains factual allegations relating to TWC to which a response is required, those allegations are denied.

RLF1 3907273v. 1

## THE PATENTS-IN-SUIT

18.  TWC restates and realleges its responses to paragraphs 1-17 of the Amended Complaint and incorporates them herein by reference.

19.  TWC admits that what appears to be a copy of the '479 Patent was attached as Exhibit A to the initial complaint Pragmatus filed on January 20, 2011.  TWC denies that the '479 Patent was attached to the Amended Complaint.  TWC admits that the '479 Patent indicates on its face both that it is entitled "Information Service Control Point, Which Uses Different Types of Storage Devices, Which Retrieves Information as Blocks of Data, and Which Uses a Trunk Processor for Transmitting Information" and that it issued on December 3, 1996.  TWC denies the remaining allegations of paragraph 19 of the Amended Complaint.

20.  TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 20 of the Amended Complaint, and on that basis denies those allegations.

21.  TWC admits that what appears to be a copy of the '139 Patent was attached as Exhibit B to the initial complaint Pragmatus filed on January 20, 2011.  TWC denies that the '139 Patent was attached to the Amended Complaint.  TWC admits that the '139 Patent indicates on its face both that it is entitled "Information Service Control Point Which Retrieves Information as Blocks of Data" and that it issued on June 3, 1997.  TWC denies the remaining allegations of paragraph 21 of the Amended Complaint.

22.  TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 22 of the Amended Complaint, and on that basis denies those allegations.

RLF1 3907273v. 1

## COUNT I

23. TWC restates and realleges its responses to paragraphs 1-22 of the Amended Complaint and incorporates them herein by reference.

24. No response is required to the allegations of paragraph 24 of the Amended Complaint because those allegations do not relate to TWC. To the extent a response is required, however, TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 24 of the Amended Complaint, and on that basis denies those allegations.

25. No response is required to the allegations of paragraph 25 of the Amended Complaint because those allegations do not relate to TWC. To the extent a response is required, however, TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 25 of the Amended Complaint, and on that basis denies those allegations.

26. No response is required to the allegations of paragraph 26 of the Amended Complaint because those allegations do not relate to TWC. To the extent a response is required, however, TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 26 of the Amended Complaint, and on that basis denies those allegations.

27. No response is required to the allegations of paragraph 27 of the Amended Complaint because those allegations do not relate to TWC. To the extent a response is required, however, TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 27 of the Amended Complaint, and on that basis denies those allegations.

RLF1 3907273v. 1

28. No response is required to the allegations of paragraph 28 of the Amended Complaint because those allegations do not relate to TWC. To the extent a response is required, however, TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 28 of the Amended Complaint, and on that basis denies those allegations.

29. TWC denies the allegations of paragraph 29 of the Amended Complaint. TWC does not and has never infringed the '479 Patent either directly, indirectly, alone, in combination with others, literally, under the doctrine of equivalents or in any other way. Notably, the Amended Complaint fails to identify how any "video-on-demand services" are alleged to satisfy any claim of the '479 Patent or even which claims of the '479 Patent are alleged to be infringed.

30. The factual allegations of paragraph 30 of the Amended Complaint that relate to TWC are denied. TWC has not infringed and is not now infringing the '479 Patent, and Plaintiff is not entitled to any relief whatsoever with respect to TWC. No response is required to the allegations of paragraph 30 of the Amended Complaint that do not relate to TWC.

## COUNT II

31. TWC restates and realleges its responses to paragraphs 1-30 of the Amended Complaint and incorporates them herein by reference.

32. No response is required to the allegations of paragraph 32 of the Amended Complaint because those allegations do not relate to TWC. To the extent a response is required, however, TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 32 of the Amended Complaint, and on that basis denies those allegations.

RLF1 3907273v. 1

33. No response is required to the allegations of paragraph 33 of the Amended Complaint because those allegations do not relate to TWC. To the extent a response is required, however, TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 33 of the Amended Complaint, and on that basis denies those allegations.

34. No response is required to the allegations of paragraph 34 of the Amended Complaint because those allegations do not relate to TWC. To the extent a response is required, however, TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 34 of the Amended Complaint, and on that basis denies those allegations.

35. No response is required to the allegations of paragraph 35 of the Amended Complaint because those allegations do not relate to TWC. To the extent a response is required, however, TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 35 of the Amended Complaint, and on that basis denies those allegations.

36. No response is required to the allegations of paragraph 36 of the Amended Complaint because those allegations do not relate to TWC. To the extent a response is required, however, TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 36 of the Amended Complaint, and on that basis denies those allegations.

37. TWC denies the allegations of paragraph 37 of the Amended Complaint. TWC does not and has never infringed the '139 Patent either directly, indirectly, alone, in combination with others, literally, under the doctrine of equivalents or in any other way. Notably, the Amended

Complaint fails to identify how any "video-on-demand services" are alleged to satisfy any claim of the '139 Patent or even which claims of the '139 Patent are alleged to be infringed.

38. The factual allegations of paragraph 38 of the Amended Complaint that relate to TWC are denied. TWC has not infringed and is not now infringing the '139 Patent, and Plaintiff is not entitled to any relief whatsoever with respect to TWC. No response is required to the allegations of paragraph 38 of the Amended Complaint that do not relate to TWC.

## PRAYER FOR RELIEF

TWC denies that Pragmatus is entitled to the relief against TWC requested in Pragmatus' prayer, and to the extent that such prayer contains factual allegations relating to TWC, such allegations are denied. Pragmatus' prayer for relief with respect to TWC should be denied, with prejudice, in its entirety. No response is required or provided to the allegations in Pragmatus' prayer for relief that do not relate to TWC.

## JURY DEMAND

TWC admits that Pragmatus has demanded a jury trial.

## AFFIRMATIVE AND OTHER DEFENSES

TWC sets forth the following affirmative and other defenses. TWC does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff Pragmatus bears the burden. TWC reserves the right to add additional defenses (and additional counterclaims), including (but not limited to) those related to the unenforceability of the '479 and '139 Patents based on inequitable conduct, as TWC learns additional facts.

## FIRST DEFENSE

39. Each of the claims of the '479 and '139 Patents is invalid for failure to satisfy the requirements and conditions for patentability set forth in the Patent Act, 35 U.S.C. § 1, *et*

RLF1 3907273v. 1

*seq.*, including (but not limited to) those set forth in sections 101, 102, 103 and/or 112 of Title 35 of the United States Code.

## SECOND DEFENSE

40.   TWC does not manufacture, use, offer for sale, sell, or import into the United States any product or method that infringes any claim of either the '479 or '139 Patents and it has not done so in the past.   TWC also does not contribute to or induce infringement of either the '479 or '139 Patents and it has not done so in the past.   TWC does not infringe, and has not in the past infringed, either directly or indirectly, either the '479 or '139 Patents.

## THIRD DEFENSE

41.   The Amended Complaint's claims are barred by the doctrines of laches, estoppel and/or other equitable doctrines.

## FOURTH DEFENSE

42.   To the extent Pragmatus does not have sufficient rights to the '479 Patent and/or the '139 Patent, Pragmatus lacks standing to bring all or part of this action.

## FIFTH DEFENSE

43.   Pragmatus does not plead compliance with the patent marking requirements of 35 U.S.C. § 287(a).   Pragmatus is therefore barred from receiving any recovery from TWC for any alleged infringement which occurred prior to TWC's receipt of actual notice of its alleged infringement.

## SIXTH DEFENSE

44.   Upon information and belief, TWC is the beneficiary of licenses and/or releases with respect to the '479 Patent and the '139 Patent for the accused services.   Accordingly,

10

Pragmatus' claims against TWC are barred by virtue of the license, release and/or the exhaustion of Pragmatus' patent rights.

## SEVENTH DEFENSE

45. Purusant to 35 U.S.C. § 286, Pragmatus is barred from receiving any recovery from TWC for any alleged infringement "committed more than six years prior to the filing of the complaint..."

11

## COUNTERCLAIMS

## PARTIES

1.  Counterclaimant Time Warner Cable Inc. is a Delaware corporation having its corporate headquarters at 60 Columbus Circle, New York, NY 10023.

2.  Counterclaimant Time Warner Cable LLC is a Delaware limited liability company having its corporate headquarters at 60 Columbus Circle, New York, NY 10023.

3.  Counterclaimant Time Warner NY Cable LLC is a Delaware limited liability company having its corporate headquarters at 60 Columbus Circle, New York, NY 10023.

4.  Counterclaimant Time Warner Entertainment Company, L.P. is a Delaware limited partnership having its corporate headquarters at 60 Columbus Circle, New York, NY 10023.

5.  Counterclaim Defendant Pragmatus VOD LLC ("Pragmatus") purports to be a Virginia limited liability company with its principal place of business at 601 North King Street, Alexandria, Virginia 22314.

## JURISDICTION AND VENUE

6.  These counterclaims seek a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7.  This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

8.  Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400.

9.  A justiciable controversy exists between Time Warner Cable Inc., Time Warner Cable LLC, Time Warner NY Cable LLC and Time Warner Entertainment Company, L.P. (collectively "Counterclaimants" or "TWC") and Pragmatus with respect to the invalidity,

12

RLF1 3907273v. 1

noninfringement and unenforceability of the claims of United States Patent Nos. 5,581,479 ("the '479 Patent") and 5,636,139 ("the '139 Patent").

## FIRST COUNTERCLAIM:  INVALIDITY

10. Counterclaimants hereby repeat and reiterate the allegations made in paragraphs 1-9 of these Counterclaims as if fully set forth herein.

11. Each of the claims of the '479 and '139 Patents is invalid for failure to satisfy the requirements and conditions for patentability set forth in the Patent Act, 35 U.S.C. § 1, *et seq.*, including (but not limited to) those set forth in sections 101, 102, 103 and/or 112 of Title 35 of the United States Code.

## SECOND COUNTERCLAIM:  NONINFRINGEMENT

12. Counterclaimants hereby repeat and reiterate the allegations made in paragraphs 1-11 of these Counterclaims as if fully set forth herein.

13. Counterclaimants do not manufacture, use, offer for sale, sell, or import into the United States any product or method that infringes any claim of either the '479 or '139 Patents and have not done so in the past.  Counterclaimants also do not contribute to or induce infringement of the '479 or '139 Patents and have not done so in the past.  Counterclaimants do not infringe, and have not in the past infringed, either directly or indirectly, either the '479 or '139 Patents.

## THIRD COUNTERCLAIM:  EQUITABLE BARS

14. Counterclaimants hereby repeat and reiterate the allegations made in paragraphs 1-13 of these Counterclaims as if fully set forth herein.

15. The claims of the '479 and '139 Patents are unenforceable or cannot otherwise be asserted due to laches, estoppel and/or other equitable doctrines.

RLF1 3907273v. 1

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimants pray that:

a)  The Court dismiss all of Pragmatus' claims against TWC with prejudice;

b)  The Court declare invalid each of the claims of the '479 and '139 Patents;

c)  The Court declare that Counterclaimants do not manufacture, use, offer for sale, sell, or import into the United States any product or method that infringes any of the claims of the '479 or '139 Patents and have not done so in the past, and that Counterclaimants therefore and otherwise do not directly infringe the '479 or '139 Patents and have not done so in the past;

d)  The Court declare that Counterclaimants do not contribute to or induce infringement of the '479 or '139 Patents and have not done so in the past, and that Counterclaimants therefore and otherwise do not indirectly infringe the '479 or '139 Patents and have not done so in the past;

e)  The Court declare unenforceable each of the claims of the '479 and '139 Patents;

f)  Counterclaimants be awarded their costs in this action;

g)  Counterclaimants be awarded their attorneys fees pursuant to 35 U.S.C. § 285; and

h)  Counterclaimants be awarded such other and further relief as this Court deems is just and proper.

RLF1 3907273v. 1

## DEMAND FOR JURY TRIAL

TWC requests a jury trial, pursuant to Federal Rule of Civil Procedure 38(b), of any

issues that may be tried to a jury.


OF COUNSEL:

David S. Benyacar
Daniel L. Reisner
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022



Dated: March 15, 2011

/s/ Laura D. Hatcher
Frederick L. Cottrell III (#2555)
cottrell@rlf.com
Laura D. Hatcher (#5098)
hatcher@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE  19801
(302) 651-7700
*Attorneys for Defendants Time Warner Cable
Inc., Time Warner Cable LLC, Time Warner NY
Cable LLC and Time Warner Entertainment
Company, L.P.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2011, I caused to be served by **electronic mail** copies

of the foregoing document and electronically filed the same with the Clerk of Court using

CM/ECF which will send notification of such filing(s) to the following:

Brian E. Farnan
Farnan LLP
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com

Jack B. Blumenfeld
Maryellen Noreika
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

Anne Shea Gaza
Jason J. Rawnsley
Richards, Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, DE 19801
gaza@rlf.com
rawnsley@rlf.com

I further certify that on March 15, 2011, I caused to be served by **electronic mail** copies

of the foregoing document upon the following counsel of record:

John M. Desmarais
Alan S. Kelman
Tamir Packin
Eugene Chiu
Desmarais LLP
230 Park Avenue
New York, NY 10169
212-351-3400
jdesmarais@desmaraisllp.com
akellman@desmaraisllp.com
tpackin@desmaraisllp.com
echiu@desmaraisllp.com

/s/ Laura D. Hatcher
Laura D. Hatcher (#5098)
hatcher@rlf.com